UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PETER DEORIO**<br>*Plaintiff*<br><br>VS.<br><br>**PENSKE LOGISTICS, LLC**<br>*Defendant* | CASE NO.<br><br>**JURY TRIAL REQUESTED**<br><br>DECEMBER 2, 2025 |

## COMPLAINT

**FIRST COUNT:**   Interference in Violation of the Family Medical Leave Act 29 U.S.C. § 2612, *et seq.*

1. At all times set forth herein, the Plaintiff, Peter Deorio, was a resident of Enfield, Connecticut.

2. At all times set forth herein, the Defendant, Penske Logistics LLC, was a company organized under the laws of the State of Delaware.

3. At all times set forth herein, the Defendant operated an Aldi distribution center located at 295 Rye Street in South Windsor, Connecticut.

4. At all times set forth herein, the Defendant employed fifty (50) or more employees at the aforesaid business location.

5. The Plaintiff began working for the Defendant in or around June 2019.

6. In or around 2021, Plaintiff began working as the Operations Manager of the aforesaid South Windsor distribution center.

7. Throughout the course of Plaintiff's employment, he was considered to be in "good standing" and received positive performance reviews. In late 2022, Plaintiff was offered a

promotion, further reflecting his adequate work performance. Plaintiff ultimately declined this promotion, as it would have required him to relocate to another state.

8. Subsequently, Plaintiff's original supervisor left Defendant's employ, and Defendant hired Senior Operations Manager, Amanda Auretta ("Auretta"), and General Manager, Michael Roundy ("Roundy") to manage the South Windsor distribution center. Plaintiff then began assisting Auretta and Roundy.

9. In approximately January of 2024, Plaintiff received a negative annual review from Auretta and Roundy. Plaintiff filed a written disagreement, contesting the review.

10. Prior to this point in time, Plaintiff's weekly work schedule was from 8:00 am to 5:00 pm Tuesday through Saturday.

11. In late March of 2024, Auretta scheduled Plaintiff to work the night shift (4 pm to 2 am) for two (2) weeks because it was "what the business needed."

12. After completing the scheduled shifts, Plaintiff informed Auretta and Roundy that night shifts were having an adverse effect on his mental health and asked to return to his regularly scheduled hours. Nonetheless, Plaintiff was scheduled to work the night shift for the next twelve (12) weeks.

13. On or about April 18, 2024, Plaintiff suffered from a panic attack while at work. Plaintiff struggled to breathe and became physically ill.

14. Despite the managers' knowledge of the impact the night shift was having on Plaintiff's health, they continued to assign him overnight work.

15. Subsequently, Plaintiff informed the managers of his condition and filed for leave under the Family and Medical Leave Act ("FMLA") on or about April 23, 2024. Plaintiff's leave was approved through August 8, 2024.

16. On or about April 30, 2024, Plaintiff met with Roundy to speak with him about the negative impact that the night shift was having on his mental health. Roundy ultimately informed Plaintiff that if he could not work the shifts assigned to him, he and Defendant would have to consider "other opportunities."

17. On or about July 22, 2024, Plaintiff was cleared to return to work. Nonetheless, when Plaintiff contacted Defendant to schedule his return date, he was told to remain on FMLA, as Defendant "needed to do some research."

18. Defendant subsequently instructed Plaintiff to return to work on or about August 9, 2024, under the following conditions:

    a. Plaintiff's schedule would change to Thursday through Monday;

    b. Plaintiff's hours would be reduced; and

    c. Plaintiff would receive a twenty-five percent (25%) pay reduction.

19. In response, Plaintiff requested that he return to his regular schedule and pay. Plaintiff further explained that his restrictions would not prevent him from completing his full duties as an Operations Manager.

20. Defendant did not respond to Plaintiff's request and subsequently terminated him on or about August 15, 2024.

21. Defendant was an "employer" within the meaning of the FMLA at all times set forth herein.

22. Plaintiff was an eligible employee within the meaning of the FMLA at all times set forth herein, insomuch as he'd been employed by Defendant for more than one year and worked at least 1,250 hours in the 12 months preceding his taking of FMLA leave.

23. Defendant interfered with Plaintiff's rights under the FMLA in one or more of the following ways, in that it:

    a. Failed to him to "the position of employment held by the employee when the leave commenced; or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment" following her return from FMLA leave.

24. As a result of the foregoing conduct of the Defendant, Plaintiff was deprived of benefits to which he was entitled under the FMLA and was caused to suffer lost wages and other consequential damages.

**SECOND COUNT:**  **Retaliation Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612, *et seq.***

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 22 of the First Count as Paragraphs 1 through 22 of this Second Count, as if fully set forth herein.

23. Plaintiff engaged in protected activity by exercising or attempting to exercise rights to job-protected leave under the FMLA.

24. Defendant retaliated against Plaintiff and subjected Plaintiff to adverse action on account of such protected activity including being demoted to a lesser, non-managerial position and ultimately being terminated by Defendant.

25. As a result of the foregoing conduct of the Defendant, Plaintiff was deprived of benefits to which he was entitled under the FMLA and was caused to suffer lost wages and other consequential damages.

**THRID COUNT:**  **Disability Discrimination – Conn. Gen. Stat. § 46-60(b)(1)**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 22 of the First Count as Paragraphs 1 through 22 of this Third Count, as if fully set forth herein.

23. The Defendant, through the foregoing conduct, discriminated against the Plaintiff, failed to provide him with a reasonable accommodation, and ultimately terminated the Plaintiff's employment on the basis of his medical disability and his need to take leave in connection with the same, in violation of the provisions of Conn. Gen. Stat. §§ 46a-60(b)(1).

24. As a result of the foregoing conduct of the Defendant, Plaintiff was caused to suffer lost wages and other consequential damages.

25. Plaintiff filed a timely administrative complaint against Defendant with the Commission on Human Rights and Opportunities, and thereafter received a Release of Jurisdiction letter therefrom, a copy of which is appended hereto as Exhibit A. This Action is brought within 90 days of receipt of said Release of Jurisdiction letter. As such, Plaintiff has exhausted all administrative remedies, and this Action is timely.

**WHEREFORE**, the Plaintiff prays for the following relief:

1. Money damages;

2. Reinstatement or front pay;

3. Attorney's fees and costs;

4. Punitive damages pursuant to Conn. Gen. Stat. § 46a-104;

5. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1);

6. Such other relief as is allowable by law.

          THE PLAINTIFF
          PETER DEORIO

          BY: _____
          Michael J. Reilly (ct28651)
          CICCHIELLO & CICCHIELLO, LLP
          364 Franklin Avenue
          Hartford, CT 06114
          Tel: 860-296-3457
          Fax: 860-296-0676
          Email: mreilly@cicchielloesq.com

## **EXHIBIT A**

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Peter Deorio**
**COMPLAINANT**

CHRO No. 2540406

vs.

EEOC No. 16A202501281

**Penske Logistics LLC**
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

DATE: <u>November 7, 2025</u>

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

cc:
    Complainant's Atty.: Michael Reilly, Esq.
        mreilly@cicchielloesq.com

    Respondent's Atty.:    John Stretton, Esq.
                          Olivia Orlando-Donovan, Esq.
                          John.stretton@ogletree.com
                          Olivia.orlando-donovan@ogletree.com

    Case File

.